## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**RALPH THOMAS WOLFORD,**<br><br>Defendant. | CRIMINAL CASE NO. CF0200-25<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Ralph Thomas Wolford's ("Defendant") Motion to Sever Charges for Purposes of Trial ("Motion to Sever"). Assistant Attorney General Christine S. Tenorio represents the People of Guam ("the Government") and Assistant Public Defender Mary Hill represents Defendant. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with one count of Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and one count of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). (Indictment, Mar. 31, 2025). The First Charge of Third Degree Criminal Sexual Conduct (As a Second Degree Felony) alleges Defendant engaged in sexual penetration with M.A. (DOB: 07/08/2003) on or about March 14, 2024. *Id.* The Second Charge of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) alleges Defendant engaged in sexual contact with A.M. (DOB: 05/24/2003) on or about February 17, 2025. *Id.*

*People v. Wolford*
Case No. CF0200-25
Decision and Order

On August 25, 2025, Defendant filed the instant Motion, moving to sever the charges into two separate trials. On September 8, 2025, the Government filed its Opposition. No Reply was filed.

On September 29, 2025, the Court placed the matter under advisement without further argument from the parties. *See* CR1.1 Form 3, Sept. 29, 2025.

## DISCUSSION

Under Guam law, two or more offenses may be charged in the same indictment "if the offenses charged are of the same or similar character or based on the same act or transaction or on two or more acts or transactions occurring together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35. [1] Severance may be appropriate, however:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.25. [2]

In this case, Defendant sets forth that the charges should be severed because "[t]here exists no factual nexus or witnesses in common between the two charges," he will be unfairly prejudiced, and each charge will involve different defenses. (Mot. Sever at 2, Aug. 25, 2025). The Government opposes, arguing that both allegations "involve criminal sexual conduct charges, occurred within one year of each other, and at the same place." (Opp'n at 4, Sept. 8, 2025). The

---

[1] Section 55.35 is substantially the same as Rule 8 of the Federal Rules of Criminal Procedure, which provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8.

[2] Section 65.35 is substantially similar to Rule 14 of the Federal Rules of Criminal Procedure, which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Government sets forth that "[b]oth victims worked at the establishment at the same time, and there appears to be the same supervisor that also worked at the establishment during both times in question." *Id.* The Government further argues that the testimony "of both adults would be necessary to establish the work culture at the establishment and to describe the Defendant as a manager." *Id.* at 5.

"[T]he primary purpose of Rule 8(a) joinder is to ensure that a given transaction need only be proved once. . . . Where there is substantial overlap in evidence between two offenses, joinder eliminates the need to prove substantially the same evidence twice over, thus realizing precisely the kind of economy envisaged by Rule 8(a)." *Howerton v. United States*, 964 A.2d 1282, 1292 (D.C. 2009) (citations, internal quotation marks, and alterations omitted). *See also United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) ("When . . . joined offenses are not connected and are not provable by the same evidence, joinder is improper."). Rule 8(a) is "construed broadly in favor of initial joinder." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (citation omitted).

> We consider it appropriate to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the "same or similar character" prong of Rule 8(a). The weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment. But the bottom line is that the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment.

*United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007).

Here, although the Indictment identifies two separate victims, the Court finds that the charges are properly joined. The charges are similar in nature: Defendant is accused of committing sexual assault against adult victims while he was working as a manager at TGI Fridays in Tumon. (Decl. of Christine S. Tenorio, Magistrate's Compl., Mar. 22, 2025). The alleged events occurred roughly eleven months apart (March 2024 and February 2025). Further, as the Government sets forth, even if the Court were to sever the counts as to each alleged victim, each

victim may still testify at the other's severed trial pursuant to Rule 413.[3] *See, e.g., People v. Gaines,* 856 N.W.2d 222, 236 (Mich. 2014) ("Because defendant's actions against each victim

[3] Although the Court does not have a Rule 413 Motion before it as the charges are currently joined, the Court will briefly address the issue to explain why the Government would be able to call each victim to testify as a witness at the other's trial if the chargers were severed. Further, while Defendant argues a joint trial "would allow for improper character evidence in violation of Rule 404(b)," *see* Mot. Sever at 2, the Court applies a Rule 413 analysis for criminal sexual conduct cases. Guam's Rule 413 is substantially similar to the Federal Rules of Evidence 413, which was enacted by Congress as a fundamental exception to Rule 404(b). *People v. Chinel,* 2013 Guam 24 ¶¶ 21-22. Its purpose "was to supersede Rule 404(b)'s prohibition on evidence of like conduct showing propensity in sexual assault cases." *Id.* at ¶ 21. For evidence to be admissible under Rule 413, the following elements must be met:

> First, the defendant in the present case must be accused of sexual assault. Second, the evidence proffered must be evidence of the defendant's commission of another past act of sexual assault. Third, the past act must be relevant, meaning that its existence must make any fact at issue more or less probable than if such evidence were excluded.

*Chinel,* 2013 Guam 24 ¶ 25 (internal citations omitted). The first and second prongs are clearly met as Defendant is accused of committing sexual assault against both victims. The third prong is also met as the evidence is relevant because it would present evidence of past criminal sexual conduct which is usually probative of a current allegation of criminal sexual conduct. *See id.* at ¶ 28 (citing *Doe ex rel. Rudy-Glanzer v. Glanzer,* 232 F.3d 1258, 1268 (9th Cir. 2000)) ("it is generally accepted that a defendant with a propensity to commit acts similar to those charged is more likely to have committed the act than another and therefore such evidence is relevant."). Additionally, Rule 413 simply states "*another* offense or offenses of criminal sexual conduct." It does not contain any "inherent chronological limitation." *See, e.g., United States v. Sioux,* 362 F.3d 1241 (9th Cir. 2004) ("we have little doubt that the plain language of the rule permits admission of subsequent acts evidence to the same extent it permits the introduction of evidence tending to demonstrate prior acts of sexual misconduct.").

The Court then turns to a Rule 403 analysis. *See People v. Wesen,* 2022 Guam 18 ¶ 47 ("even when evidence qualifies under GRE 413, *Chinel* requires courts to conduct a GRE 403 analysis using framework as provided in *United States v. LeMay*"). The Court evaluates: "(1) the similarity of the prior acts to the acts charged; (2) the closeness in time of the prior acts to the acts charged; (3) the frequency of the prior acts; (4) the presence or lack of intervening circumstances; and (5) the necessity of the evidence beyond the testimonies already offered at trial." *Chinel,* 2013 Guam 24 ¶ 39 (citing *United States v. LeMay,* 260 F.3d 1018, 1028 (9th Cir. 2001)). The Court does not have to specifically address each factor, but must conduct a searching inquiry. *Chinel,* 2013 Guam 24 ¶ 39 (stating that the *LeMay* factors are not exhaustive or mandatory and that the trial courts may consider additional factors or may ignore any of the factors that are irrelevant).

In evaluating the factors, the Court notes the following: Defendant is accused of committing sexual penetration and sexual contact against the victims roughly eleven (11) months apart and at the same location, TGI Fridays in Tumon. As noted earlier, "[b]oth victims worked at the establishment at the same time, and there appears to be the same supervisor that also worked at the establishment during both times in question." (Opp'n at 4). The Government sets forth that the testimony of both victims "would be necessary to establish the work culture at the establishment and to describe Defendant as a manager. *Id.* at 5. "Prior acts evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary.*" *LeMay,* 260 F.3d at 1029 (emphasis in original). Thus, the Court finds that M.A. (DOB: 07/08/2003) would be able to testify as to the acts committed against her by Defendant in trial for A.M. (DOB: 05/24/2003) and vice versa as the acts meet the threshold requirements of Rule 413 and Rule 403.

*People v. Wolford*
Case No. CF0200-25
Decision and Order

were admissible in each case pursuant to [Michigan's analogous Rule 413], each victim would have been required to testify in each trial if the cases were tried separately. Joinder offered convenience to the victims, who had already suffered harassment in their communities as a result of these cases.").

Even if offenses are properly joined, the Court may grant severance of the offenses if Defendant is prejudiced by such joinder. *See United States v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir. 1988) (requiring a showing that "joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever."). "The prime consideration in determining whether or not to grant a severance is the possibility of prejudice to the defendant in conducting his defense. Weighing the danger of confusion and undue cumulative inference is a matter for the trial judge within his sound discretion." *Johnson v. United States*, 356 F.2d 680, 682 (8th Cir. 1966), *cert. denied*, 385 U.S. 857 (1966). "It is not enough simply to show that such joinder makes it more difficult to defend." *Id.* (citations omitted).

Here, Defendant argues that he will be prejudiced because "the jury would not be able to compartmentalize evidence concerning charge one from evidence concerning charge two" and there "is a strong likelihood and danger that the jury would assume [he] is guilty on one charge based on evidence used for another." (Mot. Sever at 2). The Court acknowledges Defendant's argument that he may suffer some risk of prejudice if the charges are not severed, however, it is not convinced at this time that such prejudice rises to a level requiring severance. *See, e.g., United States v. Begun*, 446 F.2d 32, 33 (9th Cir. 1971) ("an important factor in determining whether prejudice exists is whether the evidence of one of the crimes would be admissible in a separate trial for the other crime. If the answer is affirmative, the joinder of offenses, in most instances, will not be prejudicial."). "Even where there may be some risk of prejudice, if the possibility of prejudice may be cured by a cautionary instruction severance is not required." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (citation and quotation marks omitted). The Court finds that the use of limiting instructions will prevent the jury's verdict on any one charge to affect the

jury's verdict on any other charge. "Juries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (citation omitted).

Defendant also argues that he will be prejudiced because his "rights under the Fifth Amendment to the United States Constitution would likely be jeopardized by a failure to sever these charges." (Mot. Sever at 2). Defendant asserts that he would be prejudiced if "he wished to testify concerning the events involved in charge one but not the events involved in charge two." *Id.* at 2-3. The Government argues that Defendant has not made a sufficient showing of prejudice based on a "one sentence hypothetical assertion." (Opp'n at 5). The Court is inclined to agree. Defendant has "the burden of proving joinder of the charges was prejudicial in confounding his defense by compromising his privilege against self-incrimination." *State v. Martin*, 926 P.2d 1380, 1388 (Mont. 1996). "A defendant advancing such a theory must make a convincing showing that he has both important testimony to give concerning one count and the strong need to refrain from testifying on the other." *United States v. Kelly*, 99 F.4th 1018, 1026 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 276 (2024) (citation omitted). Defendant has not identified what testimony he would give about one alleged victim nor why he would have a strong need not to testify about the other. A "one sentence assertion that [Defendant's] privilege against self-incrimination would be compromised is insufficient to prove the existence of this type of prejudice." *Martin*, 926 P.2d at 1388. Therefore, the Court denies Defendant's Motion to Sever.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Sever. Parties shall return for a Pre-Trial Conference on December 2, 2025 at 10:00 a.m.

**IT IS SO ORDERED** this 13th day of November, 2025.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

AG, PD

11/13/25   3:18 PM
Date        Time
Hannah G. Elmore
Deputy Clerk, Superior Court of Guam

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam